UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:16-cv-23866

APHRODITE KOUROUPIS,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,
a Liberian Corporation,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY**

Plaintiff, APHRODITE KOUROUPIS ("Plaintiff"), through undersigned counsel, sues Defendant, ROYAL CARIBBEAN CRUISES LTD. ("Defendant"), and demands trial by jury, stating as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. This Court has Diversity Jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state. Further, this Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.§ 1333 as the causes of action asserted are maritime torts. Suit is filed in Federal Court because of the federal forum selection clause in the Passenger Contract Ticket issued by the Defendant.

3. Plaintiff is *sui juris* and is a resident and citizen of Millersville, Maryland.

4. Defendant is a foreign corporation who is authorized to conduct and who does conduct business in the State of Florida, who at all times material hereto was and is doing business

in Miami-Dade County, Florida, and who maintains its corporate headquarters and principal place of business in Miami-Dade County Florida.

5. Defendant is a citizen of the State of Florida.

6. Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b. Had an office or agency in this state and/or county; and/or

   c. Engaged in substantial activity within this state; and/or

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

7. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. **DATE OF INCIDENT**: This incident occurred on or about March 1, 2016.

9. **TIME OF INCIDENT**: This incident occurred at approximately 10:20 a.m.

10. **LOCATION OF INCIDENT**: The incident occurred aboard the Defendant, ROYAL CARIBBEAN CRUISES LTD.'s cruise ship vessel, the *Anthem of the Seas*, on or about Deck 14/Solarium.

11. **DESCRIPTION OF THE INCIDENT**: At all times relevant, Defendant owed a duty to Plaintiff to exercise reasonable care under the circumstances for the safety of its passengers, including Plaintiff.

12. On the date and time of the incident, Plaintiff used the ladies' restroom.

13. In order to exit the restroom, Plaintiff had to pass through automatic doors.

14. Defendant was working on the doors three (3) or four (4) days prior to this date.

15. However, while Plaintiff was exiting the restroom, the doors closed on her and/or otherwise hit her.

16. This caused Plaintiff to fall.

17. As a result of Plaintiff's fall, she hit her buttock, and then hit her head on the door frame of the doorway.

18. This incident caused Plaintiff to suffer grievous bodily injury, including, but not limited to, a fractured hip and a fractured pelvis.

19. Defendant's medical staff attempted to provide medical care to Plaintiff.

20. However, Defendant's medical staff failed to diagnose Plaintiff's fractured hip.

21. Defendant's medical staff also failed to diagnose Plaintiff's fractured pelvis.

22. Instead, Defendant's medical staff provided Tylenol or a similar drug to Plaintiff.

23. After Defendant's medical staff finished "treating" Plaintiff, she was instructed to return to her cabin.

24. Defendant's medical staff never subsequently contacted Plaintiff.

25. Defendant's medical staff never subsequently checked on Plaintiff to inquire as to whether she was healing and/or whether she was feeling better.

26. When Plaintiff disembarked, Defendant did not offer her any assistance.

27. Due to this incident, Plaintiff has sought extensive medical care and rehabilitation.

28. Due to this incident, Plaintiff suffered other damages, which she will describe later on in this Complaint.

29. **OTHER FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**: At all times relevant, these automatic doors were hazardous, unreasonably dangerous, defective, outdated, improperly designed, improperly installed, and/or otherwise unsafe.

30. These automatic doors lacked adequate safety features to prevent Plaintiff's fall.

31. These hazardous conditions were known or should have been known to Defendant in the exercise of reasonable care.

32. These hazardous conditions existed for a period of time before the incident.

33. These conditions were neither open nor obvious to Plaintiff.

34. Nevertheless, at all times relevant, Defendant failed to adequately inspect the area of Plaintiff's incident for dangers.

35. At all times relevant, Defendant failed to adequately inspect the automatic doors involved in the incident to insure that they were reasonably safe and in a reasonably safe condition.

36. At all times relevant, Defendant failed to eliminate the hazard(s).

37. At all times relevant, Defendant failed to properly maintain these automatic doors.

38. At all times relevant, Defendant failed to maintain the area surrounding these automatic doors.

39. At all times relevant, Defendant participated in the design and/or approved the design of the automatic doors involved in Plaintiff's incident.

40. At all times relevant, Defendant participated in the instillation and/or approved the installation of the automatic doors involved in Plaintiff's incident.

41. At all times relevant, Defendant participated in the design and/or approved the design of the area surrounding the automatic doors involved in Plaintiff's incident.

42. At all times relevant, Defendant failed to properly train and supervise its crew.

43. Furthermore, the lighting was inadequate to enable Plaintiff to notice any hazards.

## COUNT I
## NEGLIGENCE

44. Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 43 as if set forth herein.

45. At all times relevant, Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers, including Plaintiff.

46. Such duties include, but are not limited to, the duty to maintain its ship in a reasonably safe condition for the use and enjoyment of its passengers.

47. Such duties also include, but are not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

48. At all times material, the Defendant, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of reasonable care owed to the Plaintiff and were negligent in one or more of the following ways:

   a. Failing to inspect, clean, keep and maintain its doors and/or the area surrounding them in a reasonably safe condition;

   b. Failing to take proper precautions for the safety of passengers using its doors;

   c. Failing to warn Plaintiff of the dangerous conditions of the doors and/or the area surrounding them;

   d. Failing to have adequate policies and procedures in place for inspection, cleaning and maintenance of its doors and/or the area surrounding them;

   e. Creating a dangerous condition or failing to remedy a dangerous condition which was known by the Defendant and which in the exercise of reasonable care should have been known by the Defendant;

   f. Failing to adequately train its crew to keep its doors and/or the area surrounding them clean and free of hazards;

   g. Failing to employ sufficient crewmembers or adequately trained crewmembers to properly inspect, clean and maintain the area of the ship where Plaintiff's incident occurred, and Defendant knew or should have known that this ship was inadequately staffed.

   h. Failing to provide adequate lighting to enable passengers to notice any hazards.

    i. Failing to comply with applicable standards, statutes, or regulations the violation of which is negligence per se and/or evidence of negligence.

    j. Failing to otherwise maintain the area and the premises in a safe and reasonable manner; and/or

    k. Through other acts or omissions constituting a breach of the duty to use reasonable care which will be revealed through discovery.

49. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for Defendant's negligence, Plaintiff's injuries would not have occurred.

50. Defendant either (a) had actual knowledge of the dangerous conditions; (b) had constructive knowledge of the dangerous conditions; (c) would have had knowledge of the dangerous conditions had the Defendant implemented proper methods of inspection; and/or (d) created the dangerous conditions.

51. As a result of the Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money.

52. The losses are either permanent or continuing.

53. Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, APHRODITE KOUROUPIS, demands Judgment against Defendant, ROYAL CARIBBEAN CRUISES LTD., for damages suffered as a result of Defendant's negligence, including bodily injury and pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization and medical and nursing care and treatment, loss of ability to earn money, loss of important bodily functions, which have been incurred or suffered in the past and which will be incurred or suffered in the future; for all

court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## COUNT II
## VICARIOUS LIABILITY
## FOR THE NEGLIGENCE OF THE SHIP'S MEDICAL STAFF

54. Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 43 as if set forth herein.

55. The Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

56. Such duties include, but are not limited to, providing such medical care and assistance as would an ordinarily prudent person under the circumstances.

57. At all times material, the ship's medical staff (including its doctors and nurses) and the ship's crew were full time employees and agents of Defendant, subject to its direction and control, who were engaged in the activity of discharging Defendant's obligation to make such medical aid and assistance available to its passengers as would an ordinarily prudent person under the circumstances.

58. Defendant directly paid the ship's medical personnel and regular crew a salary (i.e., payment by time) for their work in the ship's hospital and in treating passengers.

59. Defendant directly provided and operated the medical center to be used by the ship's medical personnel as well as all of the medical machinery, equipment, drugs and supplies to be used therein, regularly stocking and restocking same.

60. Defendant collected all medical revenues directly from passengers and generated a profit on the sale of medical services, supplies and equipment made by the ship's medical personnel to the passengers of the vessel.

61. The ship's medical personnel were members of the ship's crew; they were subject to the ship's discipline; they were required to wear the ship's uniforms; they (and, in particular, the

ship's doctors) were members of the ship's officer's compliment and at all times they were subject to termination or other discipline by Defendant.

62. Defendant provided the ship's medical personnel certain forms of liability insurance and/or indemnification rights.

63. Defendant breached its duties and was negligent by failing to adequately diagnose or treat Plaintiff's injuries.

64. Furthermore, the doctors and/or other crew members that were responsible for treating Plaintiff lacked adequate experience in treating injuries such as the one Plaintiff suffered.

65. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for Defendant's negligence, Plaintiff's injuries would not have occurred and/or said injuries would have been substantially lessened.

66. Defendant, through its employees and agents, to wit, the ship's medical staff, knew or should have known that the medical procedures they employed violated reasonable standards of medical care.

67. As a result of the Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money.

68. The losses are either permanent or continuing.

69. Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, APHRODITE KOUROUPIS, demands Judgment against Defendant, ROYAL CARIBBEAN CRUISES LTD., for damages suffered as a result of Defendant's negligence, including bodily injury and pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization and medical and

nursing care and treatment, loss of ability to earn money, loss of important bodily functions, which have been incurred or suffered in the past and which will be incurred or suffered in the future; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## COUNT III
## ASSUMPTION OF DUTY –
## NEGLIGENCE OF THE SHIP'S MEDICAL STAFF

70. Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 43 as if set forth herein.

71. The Defendant owed Plaintiff the duty to exercise reasonable care under the circumstances for the safety of its passengers.

72. Such duties include, but are not limited to, providing such medical care and assistance as would an ordinarily prudent person under the circumstances.

73. Defendant elected to discharge this duty by having Plaintiff seen by its own ship's doctors and/or other crew members.

74. As such, Defendant voluntarily assumed a duty for the benefit of Plaintiff to use reasonable care in the provision of medical services to the Plaintiff.

75. Defendant breached its duties and was negligent by failing to adequately diagnose or treat Plaintiff's injury.

76. Defendant also breached its duties and was negligent by failing to adequately contact Plaintiff or otherwise check on the status of Plaintiff's condition and pain after its doctors and/or other crew members saw Plaintiff.

77. Furthermore, the doctors and/or other crew members that assumed responsibility for treating Plaintiff lacked adequate experience in treating injuries such as the ones Plaintiff suffered.

78. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for Defendant's negligence, Plaintiff's injuries would have been prevented or substantially lessened.

79. Defendant, through its employees and agents, to wit, the ship's medical staff, knew or should have known that the medical procedures they employed violated reasonable standards of medical care.

80. As a result of the Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money.

81. The losses are either permanent or continuing.

82. Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, APHRODITE KOUROUPIS, demands Judgment against Defendant, ROYAL CARIBBEAN CRUISES LTD., for damages suffered as a result of Defendant's negligence, including bodily injury and pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization and medical and nursing care and treatment, loss of ability to earn money, loss of important bodily functions, which have been incurred or suffered in the past and which will be incurred or suffered in the future; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

**Dated:** this 9th day of September, 2016.

        ARONFELD TRIAL LAWYERS
Attorneys for Plaintiff
3132 Ponce de Leon Boulevard
Coral Gables, Florida 33134
P:    (305) 441.0440
F:    (305) 441.0198

By:    */s/Spencer Aronfeld, Esq.*
Spencer Aronfeld, Esq.
Florida Bar No.: 905161
Aronfeld@Aronfeld.com

By:    *s/Matthias M. Hayashi, Esq.*
Matthias M. Hayashi, Esq.
Florida Bar No.: 0115973
MHayashi@Aronfeld.com